**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAMALJIT SINGH,<br><br>  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 12-71211<br><br>Agency No. A098-846-598<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Kamaljit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (a well-founded fear may be established through credible, direct, and specific evidence supporting a reasonable fear of persecution); *cf. Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000) (threats established a well-founded fear where they were increasingly menacing). To the extent Singh contends the new evidence shows the police will be interested in him because of his past arrest, the argument fails. *See Toufighi*, 538 F.3d at 996-97 (new evidence was immaterial in light of prior adverse credibility finding).

**PETITION FOR REVIEW DENIED.**